## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3050 |
| | ) | |
| v. | ) | |
| | ) | REPORT, RECOMMENDATION, |
| BOBBIE H. KEYS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

The defendant has moved to suppress all evidence obtained during the search of his residence on November 12, 2009.  Filing No. 27.  The search was conducted pursuant to a warrant issued by a district judge for Wyandotte County, Kansas.  The defendant claims the warrant application lacked sufficient information to support a finding of probable cause and contains false statements of material fact.  The defendant requests a hearing under Franks v. Delaware, 438 U.S. 154 (1978), arguing that absent the false statements in the warrant affidavit, the application lacks a sufficient showing of probable cause.  For the reasons discussed below, the defendant's motion to suppress should be denied without a hearing.

### STANDARD OF REVIEW

Sufficient probable cause exists to issue a search warrant if there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  In assessing the existence of probable cause, the court does not evaluate each piece of information in a warrant application independently, but considers the cumulative meaning of all of the facts.  United States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002).

A warrant affidavit is presumptively valid.  Franks, 438 U.S. at 171.  A defendant is not entitled to a hearing on his claim that the affiant officer intentionally or recklessly misstated or excluded material information from a warrant application unless he first shows that the warrant application, corrected to remove false information and to add any concealed material facts, would not have supported a finding of probable cause.  Franks, 438 U.S. at 170; United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002)(quoting Milton, 153 F.3d at 896).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Franks, 438 U.S. at 171.

STATEMENT OF FACTS

In support of his claims, the defendant has submitted the warrant application at issue and CDs of three recorded statements between a confidential informant and the defendant. The defendant claims the warrant affidavit fails to explain the officers' basis for concluding the statements of the confidential informants were reliable.  The defendant also claims the search warrant was invalid because the warrant affidavit contains descriptions of the three conversations between the confidential informant and the defendant which the affiant officer knew were untrue or misleading.  Specifically, the defendant claims:

- Although the warrant affidavit states that during a recorded conversation with the defendant on October 20, 2009, the informant

stated that he was trying to get money together and wanted to buy some "crack from Keys,""crack" was never mentioned during the call.

- The warrant affidavit states that during a recorded call made on November 11, 2009, the informant indicated "he needed 4 ounces of 'crack' cocaine and would be down 'tomorrow,'" but the informant never stated he wanted to purchase "crack" from the defendant.

- The warrant application states the informant phoned the defendant "about the drug transaction" on November 12, 2009, and asked if the defendant had the "shit" with him, but there is nothing to indicate "shit" meant drugs.

Filing No. 27.

The court has listened to the CD recordings of the three conversations and, like the defendant, did not hear the words "crack" or "drugs."[1]  As to the three conversations, after removing any references to "crack" and any characterization that the conversations concerned a "drug transaction," the warrant application contains the following information:

The affiant officer, Eric D. Jones, is a Detective with the Kansas City Kansas Police Department ("KCPD").  As of November 12, 2009, the date of the warrant, Detective Jones had been a KCPD law enforcement officer since

---

[1]The court notes that the words "crack" and "drugs" may have been used during the conversations; the words are indiscernible in some segments of the recordings.

July, 1996, and he was assigned to the Drug Enforcement Administration task force.

In August 2009, Detective Jones received a call from Lincoln, Nebraska Police Detective Dalton. Detective Dalton stated he was investigating an individual named Bobbie Keys, who was reportedly living in Kansas City, Kansas. Detective Dalton explained that based on information received from two cooperating sources (CS1 and CS2), he suspected Keys was selling crack cocaine to Lincoln sources who would transport the drug to Lincoln for further distribution. According to the warrant affidavit, both CS1 and CS2 had previously provided reliable and truthful information to Detective Dalton, and to his knowledge, neither had provided any misleading or untruthful information to law enforcement.

The warrant affidavit states that during a proffer interview on July 17, 2009, CS1 identified Keys as his major crack cocaine source. CS1 stated Keys, who reportedly lived in the area of 7th and Georgia Streets in Kansas City, Kansas, has been a crack cocaine source for CS1 since the end of 2006. CS1 stated he also observed Keys selling crack cocaine to others, including CS2. According to CS1, CS2 and CS1 traveled together to purchase crack cocaine from Keys.

CS2 provided a proffer interview on September 10, 2009, and identified Keys, known as "Chicken," as his crack cocaine source. CS2 identified the photograph of Bobbie Harold Keys as "Chicken," and stated that on about ten occasions, he traveled with CS1 to purchase crack cocaine from Keys at Keys' residence in Kansas City, Kansas..

-4-

Detective Dalton obtained a photograph of a person known as Bobbie Keys, placed it in a stack of photographs, and presented the stack to CS1. CS1 selected and positively identified the photograph of Bobbie Harold Keys as his Kansas City, Kansas crack cocaine source. CS1 stated Keys drives a blue Pontiac Firebird Formula with 22" rims, lives at either 10th or 7th and Georgia in Kansas City, Kansas, and his residence has a stairwell which leads from the porch to the driveway area.

Using Google maps satellite imagery, CS1 visually identified Keys residence on October 20, 2009. Detective Jones identified the address as 2701 North Early, Kansas City, Kansas. On November 11, 2009, Detective Jones determined Bobbie Keys had a Kansas drivers licence which listed Keys' address as 2701 North Early, Kansas City, Kansas. Detective Jones conducted surveillance at 2701 North Early, and observed a blue Firebird with chrome rims parked in the driveway.

On October 20, 2009, CS1 made a recorded phone call with Keys and stated he was trying to get some money together. In response to a question from CS1, Keys stated he had not talked to CS2 lately, but had received a text message from him.

On November 11, 2009, CS1 made another phone call to Keys, informed Keys he needed four, and stated he would be down tomorrow." In response to CS1's questions, keys confirmed CS1 should turn off at "7th street or something like that," which meant the 2701 North Early address.

On November 12, 2009, CSI again made a recorded call to Keys and asked, "Hey, do you have that shit with you."  Keys responded, "yeah, I was waiting for you to get close, you know I already picked it up."  CSI asked Keys if CS1 should park on Georgia (a street adjacent to the 2701 North Early address) and after a long pause, Keys responded, "Yeah man.  Park wherever you want."

Detective Jones' warrant application was submitted to a Wyandotte County, Kansas District Judge on November 12, 2009.  The judge signed the warrant and the defendant's home was searched pursuant to the warrant.  The defendant seeks suppression of evidence found during the search of his residence.

## LEGAL ANALYSIS

The defendant claims the statements and information provided by the confidential informants cannot be considered when assessing the existence of probable cause.  He claims the warrant affidavit lacks a sufficient basis for assessing the reliability and veracity of the informants' statements.

Information provided by an outside source can be supplemented and its reliability corroborated by independent police investigation.  United States v. Warner, 894 F.2d 957, 959 (8th Cir. 1990).  Even when an informant has no prior record of providing information to the police, the information provided may be considered reliable if the statements were against his penal interest and police were able to corroborate some of the information provided.  Allen, 297 F.3d at 794 (holding that informant with no prior history of providing information to officers provided credible tip sufficient to support probable cause for a search warrant where informant admitted to assisting in defendant's attempt to manufacture

-6-

methamphetamine and his description of suspect's vehicle and address was corroborated by police investigation).  Separate informants reporting substantially the same information may serve to corroborate each other.  United States v. Jackson, 898 F.2d 79, 81 (8th Cir. 1990)(citing  United States v. Warner, 894 F.2d 957, 960 (8th Cir. 1990)(mutually corroborative tips supplied "substantial basis" for probable cause determination)).

CS2 corroborated the information provided by CS1; both informants claimed they rode together to the Kansas City, Kansas area to purchase crack cocaine from Keys.  CS1 identified a picture of Keys during a photograph lineup, and CS2 also identified the photograph of Keys. CS1 described the defendant's vehicle and pinpointed the location of the drug buys using Google maps.  Through independent police investigation, the affiant officer confirmed that a person living at the location identified by CS1 drove a vehicle matching CS1's description of the defendant's vehicle, and the drivers license for a person named Bobbie Keys listed the residential address of the location identified by CS1.  CS1 was able to contact Keys by telephone, and the content of these calls indicates Keys knew both CS1 and CS2.

Based on the cross-corroboration of the two informants' statements, and the officers' independent investigation of those statements, the affiant officer had a basis for concluding CS1 and CS2 were credible information sources.  The warrant application, on its face, contains sufficient indicia of reliability as to the statements and information provided by CS1 and CS2.  This information will not be excluded or set aside in determining whether the warrant affidavit provided a sufficient showing of probable cause.

Even after removing any reference to drugs or crack from the description of CS1's recorded conversations with the defendant, the warrant affidavit provides a sufficient basis to conclude evidence of illegal drug activity would be found if the defendant's house was searched.  Two informants identified Keys, by name and photograph, as their source for crack

cocaine distribution.  The police verified the car described and the drug source name provided were and remained affiliated with a residence located at 2701 North Early in Kansas City, Kansas.  And during the recorded conversation with CS1 on the date of the warrant, Keys confirmed the "shit" was there and waiting to be sold.  Corrected to remove the allegedly false information, and considered in the totality, the information within the warrant affidavit supported a finding of probable cause to search the defendant's residence.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that defendant's motion to suppress and request for a <u>Franks</u> hearing, (filing no. 27), be denied in all respects.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS FURTHER ORDERED that the trial of this case remains set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on January 30, 2012, or as soon thereafter as the case may be called, for a duration of three (3) trial days.  Jury selection will be held at commencement of trial.

DATED this 21st day of November, 2011.

BY THE COURT:

*s/Cheryl R Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.